DISSENTING OPINION.
The opinion of the Court was delivered b3r
Poems, J.
The Act of the legislature, No. 208 of 1858, a proper construction of which has created such diversity of opinion among the members of this Bench, is entitled: “ An Act to require written proof in certain cases.”
In keeping with the object announced in its title, the act provides that written proof shall be required in the following cases :
*233 1. To show interruption, by acknowledgment, of prescription against a judgment.
2. To show interruption of prescription, by acknowledgment, of a debt by a deceased person.
3. To prove a promise to pay the debt of a third person.
4. To prove a promise to pay a written obligation when proscription has already run.
It concludes with a clause repealing all laws, or parts of laws, in contravention therewith.
The safest mode of construction of a law is to consider and ascertain :
1. The reason for its enactment.
2. The object proposed.
3. The means of accomplishing the end in view.
In applying this test to the section of the act which is under consideration in this case, we find :
1. That the reason which prompted the enactment was the facility with which fraud could be practiced against successions, by admitting verbal testimony to show acts of acknowledgment of a debt by aperson since deceased, in consequence of whose death and silence a perjured witness could, with impunity, be made to state acts of acknowledgment by the debtor, without the fear of successful contradiction from the only person who could be conversant with the real facts of the case.
2. The object of the law was to shield, successions from the possibility of such ill practices, and from the effect of such frauds.
3. Tlie means proposed were by excluding all parol testimony to show acts of acknowledgment of a debt by a deceased person, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed, “but that in all such cases the acknowledgment, or promise to pay shall be proven by written evidence, signed by the party deceased or his specially authorized agent or attorney in fact.
It is conceded by the majority of this Court, that the payment of interests on the notes due by this succession, and the renewed promises to pay the same, if alleged to have been made by the deceased himself, could not have been proved by parol testimony, but that written proof alone could have been admitted to prove such payment or acknowledgments, with a view to show interruption of prescription; but it is contended that the authority of the alleged agent, wdio has signed such an acknowledgment, can be proven by parol testimony ■, or, in other words, that an act which has for its only object the intention of requiring written proof in certain cases, has provided for an exceptional case in which written proof shall not be required. I suggest that such a construction is destructive of thevery object proposed by the statute, *234 which is to shield successions from the effect of statements by perjured witnesses, in making proof of the acknowledgments of debts by deceased persons.
The object of the law in requiring the signature of the deceased to every act of acknowledgment of a debt alleged to have been made by him, was to place it beyond the power of perjury to accomplish the scheme of proving an interruption of prescription, by acts charged to the debtor himself, and under the construction of the majority of the Court, the fraudulent witness, by writing the acknowledgment himself as the alleged agent of the deceased, will be allowed by parol testimony to establish his authority to make such written acknowledgment. '
And thus, the fraud which the legislature intended to prohibit from being practiced directly, by false statements touching the acts of "the deceased himself, can be practiced indirectly and with impunity by a false pretension to be the agent of the deceased, with full authority, shown by parol, to make a written acknowledgment in the name of the deceased, whose lips are closed against the pretensions of the impostor. Hence the protection intended to be thrown around successions, in the interest of heirs and bona fide creditors is completely paralyzed, and the object of the law absolutely defeated.
By the repealing clause of the act, the legislature clearly manifested its intention of abrogating all laws heretofore admitting parol proof of the acknowledgment of debts, in so far as such proof could affect prescription, running or completed, in favor of successions; but the construction adopted in this case, excepts from the operation of this legislation, acts of acknowledgment of debts when signed by the pretended agent of a deceased person, in which case it is held that parol proof is admissible to complete the chain of the evidence which is required by the law to be entirely in writing.
Not only is such a construction violently repugnant to the textual provisions of the statute, but it is further forbidden by the consideration that the act itself, if open to such a construction, would to that extent be violative of the constitution, which was at the time of its passage the organic law of the State.
Art. 118 of the Constitution of 1852, provided that “ every law enacted by the legislature shall embrace but one object, and that shall be expressed in its title.” The object of this act being to require written proof in certain cases, it is elementary that the act could not provide, in its body, for exceptional cases where written jn-oof conld not, or would not be required, because that object would not be included in its title, and for the further reason that it could not be thus constitutionally included, as the act would then have embraced more objects than one.
It is therefore clear, that even if the intention of the legislature had *235 been under the title of the act, to provide for such exceptional cases, such intention would have been violative of the constitution under which it was created, and that portion of the act would have been null and void.
The fact that the statute has since been incorporated as Art. 2278 of the Revised Civil Code, does not place it beyond the test which I have adopted, and which is universally recognized as the safest rule of construction of any enactment which may be subjected or liable to a misconstruction.
The compilers of the Code had no authority in law to alter the meaning of any statute which they sought to incorporate in the Code, or to depart from the clearly expressed purpose contemplated by the legislative will at the time of the passage of the act.
With due deference for my learned associates composing the majority, I sincerely deplore the error into which they have inadvertently fallen, and I respectfully dissent from their opinion on this point, and hence, I decline to take any part in the decree rendered on the various issues raised by the pleadings in the case.
Rehearing refused.